Slip Op. 11-42

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FLINT HILLS RESOURCES, LP, Formerly Known as KOCH PETROLEUM GROUP, LP<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES,<br><br>        Defendant. | Before: Pogue, Chief Judge<br><br>Court No. 06-00065 |

**OPINION AND ORDER**

[Plaintiff's motion to assign action to three-judge panel denied.]

Dated: April 19, 2011

    Phelan & Mitri (Michael F. Mitri), Galvin & Mlawski (John J. Galvin) for the Plaintiff.

    Tony West, Assistant Attorney General; Jeanne E. Davidson, Director; Todd M. Hughes, Deputy Director; (Tara K. Hogan), Attorney-in-Charge, Commercial Litigation Branch, Civil Division, United States Department of Justice for the Defendant.

    **Pogue, Chief Judge**: This action puts at issue the interpretation and retroactivity of an amended statute regarding a drawback claim for taxes paid on the importation of Plaintiff's goods.[1] Currently, the action is assigned to a single judge, but Plaintiff now moves for re-assignment to a three-judge panel.

---

    [1] Drawback is the refund of import duties where the importer re-exports the imported products. See 19 U.S.C. § 1313 (2006).

## DISCUSSION

A case may be assigned to a three-judge panel if it "(1) raises an issue of the constitutionality of an Act of Congress, a proclamation of the President or an Executive order; or (2) has broad or significant implications in the administration or interpretation of the customs laws." 28 U.S.C. § 255(a); see also USCIT R. 77(e).  This authority, however, "for reasons of judicial economy and efficiency, . . . should be used sparingly," Nat'l Corn Growers Ass'n v. Baker, 10 CIT 517, 522, 643 F. Supp. 626, 631 (1986), and specifically where the benefits of using such a panel outweigh the disadvantages of doing so.  Sony Elecs. Inc. v. United States, 25 CIT 336, 143 F. Supp. 2d 970, 973-74 (2001).

Here, two considerations weigh against such an assignment.  First, the case has been assigned to its present judge for almost three years.  In general, "motions for reassignment to a three-judge panel, made after the case has been assigned to a single judge, will be viewed with disfavor." Nat'l Corn Growers Ass'n, 643 F. Supp. at 631.  Here, the judge currently assigned to the case is familiar with the litigation not only from her three-year assignment but because she is also presiding over a related test case, Shell Oil Co. v. United States, Court. No. 08-00109.

Court No. 06-00065                                                    Page 3

In addition, Plaintiff's reason for requesting assignment to a three-judge panel is that Plaintiff disagrees with the decision of the Federal Circuit in <u>Aectra Refining and Marketing, Inc. v. United State</u>, 533 F. Supp. 2d 1318 (2007), *aff'd*. 565 F. 3d 1364 (Fed. Cir. 2009), *reh'g. and reh'g. en banc den'd.* (Fed Cir. 2009).  But a three-judge panel is not intended to serve as an appellate body, <u>see</u>, e.g., <u>Seattle Marine Fishing Supply Co. v. United States</u>, 13 CIT 227, 709 F. Supp. 226 (1989), and certainly not to review the decision of a higher court.

Therefore, upon consideration of Plaintiff's motion for assignment to a three-judge panel, Plaintiff's motion is hereby DENIED.

                                                <u>  /s/ Donald C. Pogue  </u>
                                                Donald C. Pogue, Chief Judge

Dated:   April 19, 2011
        New York, N.Y.